**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BERNARD DAVID NELSON,<br>    Plaintiff<br>v.<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br>    Defendants | Civil Action No. 20-1934 (CKK) |

**MEMORANDUM OPINION**
(February 25, 2021)

Bernard David Nelson ("Plaintiff") is a citizen and national of the United Kingdom, *see* Am. Compl., ECF No. 12, ¶ 1, currently residing in Boston, Massachusetts, *see* Defs.' Mot., ECF No. 13, at 1. As alleged in his pleadings, Plaintiff has earned "sustained national and international acclaim and recognized achievements in the highly specialized and complex field of finance and investment technology known as style analysis and quantitative risk management that place him among the small percentage of individuals who have risen to the top of the field." Am. Compl., ECF No. 12, ¶ 2. On the basis of these professional accolades, Plaintiff applied in December 2019 with the United States Citizenship and Immigration Services ("USCIS") for an employment-based, first preference immigration visa ("EB-1"). *Id.* ¶ 29. USCIS, however, denied Plaintiff's petition for an EB-1 visa. *See id.* ¶ 9. In response, Plaintiff filed this civil action requesting the Court to "vacate the denial and direct USCIS to approve Plaintiff's petition and grant him the EB-1a status that he seeks and deserves." *Id.* ¶ 12.

In response to Plaintiff's amended complaint, Defendants have now filed a motion to transfer this action to Plaintiff's home-judicial district, the District of Massachusetts. *See* Defs.' Mot., ECF No. 13, at 1. In their motion, Defendants also request an extension of time to respond to Plaintiff's amended complaint, following such a transfer. *See id.* Plaintiff has consented to both

requests. *See id.* Accordingly, and for the reasons set forth below, the Court will **GRANT** Defendants' motion to transfer this action and for an extension of time to respond to Plaintiff's amended complaint.

### I. Transfer to the District of Massachusetts

Under 28 U.S.C. § 1404(a), this Court "may transfer any civil action to any other district or division where it might have been brought," "[f]or the convenience of parties and witnesses" and "in the interest of justice." "The Court has 'broad discretion' to transfer a case under section 1404," *Rossville Convenience & Gas, Inc. v. Barr*, 453 F. Supp. 3d 380, 385 (D.D.C. 2020) (quoting *In re Scott*, 709 F.2d 717, 719 (D.C. Cir. 1983)), but must exercise this discretion on the basis of an "individualized, case-by-case" analysis of whether transfer is appropriate, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Determining whether transfer is appropriate pursuant to section 1404(a) calls for a two-part inquiry." *Bourdon v. United States Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 304 (D.D.C. 2017). "First, the Court must ask whether the transferee forum is one where the action 'might have been brought' originally." *Id.* (quoting 28 U.S.C. § 1404(a)). "Second, the Court must consider whether private and public interest factors weigh in favor of transfer." *Id.* "The party moving to transfer venue bears the burden of establishing that convenience and the interests of justice weigh in favor of transfer." *Id.* at 303.

Here, Defendants move to transfer this case to the District of Massachusetts. As an initial matter, the Court has no trouble concluding that Plaintiff "might have brought" this action within that judicial district. *Bourdon*, 235 F. Supp. 3d at 304 (quoting 28 U.S.C. § 1404(a)). Venue would be proper in this case "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) *the plaintiff resides*." 28 U.S.C. § 1391(e)(1) (emphasis added). Plaintiff resides in Boston, Massachusetts,

which is located within the District of Massachusetts.  *See* Defs.' Mot., ECF No. 13, at 1. Accordingly, Plaintiff could have originally filed the present action with that judicial district.

Next, the Court must consider whether the private and public interests weigh in favor of a transfer to the District of Massachusetts.  "Private interest considerations include: (1) the plaintiff's choice of forum"; "(2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant"; and "(6) the ease of access to sources of proof."  *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86.  Public interest considerations include: "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home."  *Id.* at 386; *see also Bourdon*, 235 F. Supp. 3d at 308.

Within this framework, the Court first finds that the "private interest considerations" weigh in favor of transfer.  To begin, Plaintiff has consented to Defendants' request for a transfer to the District of Massachusetts.  *See* Defs.' Mot., ECF No. 13, at 1.  As such, the private "choice of forum" considerations weigh in favor of the transferee district, as all parties have now consented to that judicial forum.  Next, the private interest analysis considers the derivation of Plaintiff's claim.  In this case, none of the events directly underlying Plaintiff's immigration claim arose within the District of Columbia.  *See* Defs.' Mot., ECF No. 13, at 4.  Conversely, much of the conduct involved in Plaintiff's visa application with USCIS is connected to the District of Massachusetts, the judicial district where Plaintiff continues to reside.  *See, e.g.*, Am. Compl., ECF No. 12, ¶ 44 (discussing membership in the "CFA Boston Society").  Accordingly, the derivation of Plaintiff's claim favors the District of Massachusetts over this judicial district.  *See Al–Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008).

Finally, the remaining private interest factors consider convenience for the parties and for potential witnesses, as well as the procurement of potential evidence. *See Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 385–86. These factors also weigh in favor of transfer. As mentioned above, Plaintiff resides in the transferee judicial district and, consequently, a transfer to that judicial district will render this case more convenient for him. Given Plaintiff's residence in Boston, the collection of witnesses and evidence will also be more efficient in the transferee district, which is more proximate to Plaintiff's local community ties. Lastly, the Court notes that Defendants have requested the transfer in question, and the Court, therefore, presumes that the transferee forum will present sufficient conveniences to Defendants as well. In sum, and for the reasons set forth herein, the Court concludes that the balance of private interests weighs in favor of a transfer to the District of Massachusetts. *See* 28 U.S.C. § 1404(a).

The Court also finds that the public interests ultimately weigh in favor of transfer. To start, the first two public interest factors, which concern the congestion of the respective courts' dockets and their familiarity with the legal issues presented, provide little guidance. *Rossville Convenience & Gas, Inc.*, 453 F. Supp. 3d at 386. Plaintiff's claims raise questions under federal law, with which both this Court and courts in the District of Massachusetts "are equally familiar." *Bourdon*, 235 F. Supp. 3d at 309. Moreover, as Defendants explain, both the District of Massachusetts and this judicial district confront congested dockets. *See* Defs.' Mot., ECF No. 13, at 4. Accordingly, these two public interest factors remain neutral. The final public interest factor, however, emphasizes the value of deciding local controversies "at home," and this factor does weigh in favor of transfer. *Bourdon*, 235 F. Supp. 3d at 308. The outcome of this case bears directly on Plaintiff's ability to live and to work within the District of Massachusetts and, consequently, there is value in having Plaintiff's case adjudicated within that judicial district. *See, e.g.*, *Pres. Soc. of Charleston*

*v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012).  For these reasons, the balance of the public interest factors also weighs in favor of a transfer to the District of Massachusetts.

In sum, the Court finds that both the private and public interests weigh in favor of a transfer of this action to the District of Massachusetts.  Accordingly, the Court concludes that such a transfer is "in the interests of justice" and will **GRANT** Defendants' motion to transfer this case to the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a).

**II.     Extension of Time to Respond to Amended Complaint**

Defendants have also moved for an extension of time to respond to Plaintiff's amended complaint.  *See* Defs.' Mot., ECF No. 13, at 5.  In their motion, Defendants explain that upon a transfer to the District of Massachusetts, a new Assistant United States Attorney will be assigned to this case, and that new attorney will need "sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiff's complaint."  *Id.*  Plaintiff has consented to this request.  *See id.* at 1.  Accordingly, and for good cause shown, the Court will **GRANT** Defendants' request for an extension of time to respond to Plaintiff's amended complaint.  *See* FED. R. CIV. P. 6(b).

****

For the reasons set forth in this Memorandum Opinion, the Court will **GRANT** Defendants' [13] Consent Motion to Transfer and Extend.  An appropriate Order accompanies this Memorandum Opinion.

**Dated**: February 25, 2021

                                                       /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge